UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DOUGLAS JAMES YOUNG,

    Plaintiff,

v.                                Case No.  5:24-cv-242-RH/MJF

PANAMA CITY BEACH POLICE
DEPARTMENT, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding *pro se* and *in forma pauperis*, filed moves for a preliminary injunction against one Defendant, White's Wrecker Service LLC. Doc. 17. Because Plaintiff failed to establish a substantial likelihood of success on the merits, the District Court should deny Plaintiff's motion.

### I. Background

    Plaintiff, proceeding *pro se*, commenced this civil action against several Defendants, including White's Wrecker Service LLC ("Defendant"). Doc. 16. Plaintiff alleges that Defendant towed Plaintiff's vehicle and has refused to return it to Plaintiff until Plaintiff pays the towing fee. Doc. 16 at 7, 12; Doc. 17 at 2. Plaintiff asserts that this conduct violates the Fourth

Amendment, and he seeks an order: (1) precluding Defendant from auctioning Plaintiff's vehicle; and (2) requiring Defendant to return the vehicle to Plaintiff. Doc. 17.

Pursuant to 28 U.S.C. § 1915(e), the undersigned conducted the mandatory preliminary screening of Plaintiff's third amended complaint. Doc. 22. The undersigned noted substantial deficiencies, including that Plaintiff failed to state a plausible claim for relief against Defendant. Therefore, the undersigned ordered Plaintiff to replead. *Id.*

## II. DISCUSSION

The chief function of preliminary injunctions "is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990). A "preliminary injunction in advance of trial is an extraordinary remedy." *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011). To establish entitlement to a preliminary injunction, a movant must demonstrate:

> (1) a substantial likelihood of success on the merits of the underlying claim;
>
> (2) a substantial likelihood of suffering irreparable injury if the injunction is not granted;

    (3) that the threatened injury to the plaintiff outweighs any injury the nonmovant might suffer from the injunction; and

    (4) the injunction would not disserve the public interest.

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020).

    **Failure to Establish Likelihood of Success.** Because Plaintiff is suing Defendant under section 1983, Plaintiff is required to plead—and ultimately prove—that (1) Defendant acted under the color of state law, (2) Defendant deprived Plaintiff of a right protected by the Constitution or law of the United States. *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986).

    Defendant is a private towing company. As explained more fully in the undersigned's order directing Plaintiff to amend his complaint, Plaintiff did not allege sufficient facts to even state a claim upon which relief can be granted, much less that Plaintiff likely will prevail on the merits. Plaintiff's only allegation regarding Defendant is "Plaintiff's vehicle was unlawfully seized and towed by Defendant . . . without a warrant or legal justification." Doc. 16 at 12. Plaintiff's third amended complaint did

not include fact which would permit the District Court to infer that Defendant was acting under color of law.

Plaintiff's motion for a preliminary injunction likewise is devoid of any additional allegations that Defendant acted under color of law. Plaintiff also did not include any evidence to show that Defendant acted under color of law. Thus, Plaintiff has not demonstrated that a substantial likelihood of success.

### III. CONCLUSION

Because Plaintiff failed to establish a substantial likelihood of success on the merits of his claim, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Plaintiff's motion for preliminary injunction, Doc. 17, without prejudice.

At Pensacola, Florida, this 28th day of March, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and**

**recommendations must be filed within fourteen (14) days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u> **An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**